IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
JOHN B. JENKINS,                )
                                )
        Petitioner,             )   Civil Action No. 06-1101
                                )
    v.                          )   Judge Conti
                                )   Magistrate Judge Caiazza
PAUL J. STOWITZKY,              )
et al.,                         )
                                )
        Respondents.            )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I.   RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus filed by John B. Jenkins be dismissed and that a certificate of appealability be denied.

### II.   REPORT

The Petitioner, John B. Jenkins ("Jenkins" or "the Petitioner"), is a state prisoner incarcerated at the State Regional Correctional Facility at Mercer, Pennsylvania. In this federal habeas petition he challenges the decision by the Pennsylvania Board of Probation and Parole ("the Board") to recommit him in June, 2006 to serve the remainder of a three and one-half to seven year sentence. The relevant facts follow.

Jenkins was paroled from a 1995 sentence in 1998. The maximum date of his sentence was set to expire on October 31, 2001. While still on parole, Jenkins committed criminal offenses

in New York between September 9, 1999 and October 31, 2000. He was arrested by New York authorities in September, 2001, and was convicted on October 2, 2002. On January 17, 2003 he was sentenced in New York. The Pennsylvania Board of Probation and Parole lodged a detainer against Jenkins on January 8, 2004. He was released from New York custody in June, 2006, and was immediately returned to Pennsylvania where he was afforded a parole revocation hearing and recommitted to serve the remainder of his 1995 sentence.

A.  **Section 2241 v. Section 2254**.

The Petitioner styles this as a petition filed pursuant to the provisions of 28 U.S.C. § 2241. Jenkins, however, is challenging his custody pursuant to the decision of a state parole board. That said, to seek relief Jenkins' only remedy is to access 28 U.S.C. §2254. See Felker v. Turpin, 518 U.S. 651, 662 (1996)("authority to grant habeas corpus relief to state prisoners is limited by 28 U.S.C. § 2254, which specifies the conditions under which such relief may be granted to a person in custody pursuant to the judgment of a state court"); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir.2001)("Congress has attached restrictions to Section 2254 proceedings that should not be circumvented by permitting a petitioner to go forward under the more general authority conferred by Section 2241"). This is, therefore, a Section 2254 proceeding and the limitations period

relevant to that Section are applicable to Jenkin's Petition.

B.  **Statute of Limitations.**

    Jenkins was informed that a detainer was lodged against him by the Pennsylvania Board of Probation and Parole in January, 2004. In fact, he attempted to have the detainer reviewed in the state of his convictions, but the New York courts twice dismissed his claims for lack of jurisdiction. (Doc. 1, at 51-53). The time for Jenkins to seek review of the constitutionality of the detainer in this court expired in January, 2005. See, Evans v. Holden, 474 F. Supp.2d 587, 590 (D. Del. 2007)(lodging of parole detainer begins the one year limitations period for purposes of § 2254 challenge to parole board's actions). Parenthetically, the limitations period is not tolled here by the pendency of any "properly filed" state court appeals because Jenkins never filed any appeal in the Pennsylvania courts. Likewise, there is no basis for equitably tolling the limitations period. Jenkin's petition is clearly time-barred.

C.  **The Merits**.

    Alternatively, relief should be denied on the merits of Jenkins' claim. He argues that the Board lacked jurisdiction to issue a detainer in January, 2004, because his maximum parole term expired in October, 2001. As recognized elsewhere here, Jenkins committed new criminal offenses in New York while still on parole from his Pennsylvania sentence. Under Pennsylvania law,

the Board is not divested of jurisdiction for violations of parole which occur within the supervisory period merely because a detainer is not filed until after the period has expired. See, Williams v. Pennsylvania Board of Probation and Parole, 654 A.2d 235 (Pa.Cmwlth. 1995). Jenkins' underlying claim also lacks merit.

D.   **Certificate of Appealability**

Section 102 of AEDPA, 28 U.S.C. § 2253(c), codifies the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a federal habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Jenkins has not satisfied the applicable standard.

### III. CONCLUSION

It is respectfully recommended that the Petition for Habeas Corpus filed by John B. Jenkins be dismissed and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B)&(C) and Local Rule 72.1.4 B, objections to this Report and Recommendation are due by May 14, 2007. Failure to timely file objections may constitute a waiver of any appellate rights.

                    <u>s/Francis X. Caiazza</u>
                    Francis X. Caiazza
                    United States Magistrate Judge

Dated: April 26, 2007

cc:
    JOHN B. JENKINS
    CS-7487
    SRCF Mercer
    801 Butler Pike
    Mercer, PA 16137